STATE OF VERMONT
ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| Stowe Highlands PRD | } | Docket No. 184-8-06 Vtec |
|  | } |  |
|  | } |  |

## Decision on Pending Motions

Appellant 232511 Investments, Ltd. d/b/a/ Stowe Highlands (Stowe Highlands) appealed from a decision of the Town of Stowe (Town) Development Review Board (DRB) dated July 22, 2006, denying Stowe Highland's application to convert its 236± acre Resort PUD to a PRD, merge three parcels (so-called Parcel 1 and Lots 21 and 22), and then subdivide the resulting 22 acres into 13 residential lots plus a 9.3-acre open space lot. The DRB denied the application by answering in the negative the following threshold question: whether Stowe Highlands can act unilaterally in seeking to change the development from a Resort PUD to a PRD, thus concluding that Stowe Highlands, by itself, was not the proper applicant for the requested changes.

Stowe Highlands filed five Questions in its Statement of Questions, and the Town moves to limit the scope of the appeal to Questions 1–3. Interested Persons Leighton C. Detora, Esq., Dominique Root, and Valar and Lisa Mihan filed separate motions to dismiss Questions 4 and 5. This appeal is "on-the-record" because the Town has adopted and implemented the procedures necessary for such appeals, pursuant to 24 V.S.A. § 4471(b).

Stowe Highlands is represented by Harold B. Stevens, Esq., the Town is represented by Amanda Lafferty, Esq., Interested Person Dominique Root is represented by George C. Stearns, Esq., Interested Persons Valar and Lisa Mihan are represented by Russell Barr, Esq., Interested Persons Christopher and Mary Lintermann are represented by Carl H. Lisman, Esq., and Interested Person Leighton C. Detora, Esq., represents himself.

## Stowe Highlands's Statement of Questions

The present motions relate solely to the appropriateness of the Questions submitted by Stowe Highlands for determination by this Court. Stowe Highlands's five Questions are copied here for reference.

1.     Did the Tenth Supplement to the Declaration of Stowe Highlands give Stowe Highlands authorization in writing to apply for the permit change from a Resort Planned

Unit Development ("PUD") to a Planned Residential Development ("PRD") on behalf of all the Stowe Highlands lot owners?

2.    Did the DRB err in concluding that Stowe Highlands was not the proper applicant to change the Resort PUD to a PRD?

3.    Does . . . Stowe Highlands have control of the Stowe Club Property as Declarant [and] has [it] reserved the right to grant itself permits, easements and licenses over the entire Stowe Club Property?

4.    Does the plan submitted by Stowe Highlands comply with all the standards of a PRD contained in Stowe's zoning by-laws?

5.    Should Stowe Highlands have been granted the permit for which it applied for 13 Village Houses on Parcel 1 and Lots 21-22?

### Discussion

The Town's motion seeks to limit the scope of the appeal to Questions 1–3; Interested Persons Detora, Root, and Mihan's motions to dismiss Questions 4 and 5 share the same basis: that the DRB denied Stowe Highland's application on the threshold question of whether Stowe Highlands, by itself, was the proper applicant. Thus the DRB never reached the substantive issue of whether the plan submitted by Stowe Highlands complies with the Town's standards regarding PRDs. Since the DRB never addressed the substance of Stowe Highland's application in the first instance, movants argue that Questions 4 and 5, which relate to those substantive issues, are beyond the scope of the appealed-from decision and thus improper for this Court to consider. We agree and therefore grant the pending motions.

In a de novo appeal, this Court stands in the place of the decision maker below, and looks anew at the application as if no decision had been rendered below. V.R.E.C.P. 5(g). By contrast, in an on-the-record appeal such as this one, the Court is tasked with determining whether the decision below is supported by substantial evidence in the record. 24 V.S.A. § 4471(b). In an on-the-record appeal, the Court may not stray beyond the boundaries of the appealed-from decision to consider issues not decided below. See In re Dunnett, 172 Vt. 196 (2001) (summarizing the requirements a municipality must fulfill to have appeals from its DRB determinations be "on-the-record" and comparing the difference of such proceedings and de novo appeals.). The limited nature of on-the-record review does not allow us to render our own factual determinations. We decline to do so here.

In this case, the DRB made the legal determination that "the application was not properly before the Board, in that [Stowe Highlands], by itself, is not the proper applicant for the

2

requested changes." DRB Decision dated July 22, 2006, at 3. Stowe Highlands is here appealing the DRB's decision on that preliminary legal question. Stowe Highlands is not here appealing a decision as to the merits of its application, as no decision on the merits of the application was reached below. It would therefore be improper for this Court to take up such an issue, since the municipal panel below did not first address it.

Stowe Highlands's Questions 4 and 5 relate to the merits of its application. The issues raised by the merits of Stowe Highland's application are beyond the parameters of the appealed-from decision. We must therefore grant the motions to dismiss Questions 4 and 5 filed by Interested Persons Detora, Root, and Mihan. For the same reasons, we conclude that Stowe Highlands's Questions 4 and 5 are by their nature beyond the scope of the appealed-from decision, and therefore grant the Town's motion to limit the scope of the appeal to Questions 1, 2 and 3.

Accordingly, based on the forgoing, we **GRANT** the Motions to Dismiss filed by Interested Persons Detora, Root, and Mihan, as well as the Town's Motion to Limit the Scope of the Appeal. This matter shall be set for a follow-up conference, per the enclosed Notice of Hearing. Since this is an on-the-record appeal, there will be no "trial" or the taking of new evidence in this matter. At the follow-up telephone conference, the parties should be prepared to discuss a briefing schedule to address the remaining issues in this appeal and report to the Court the status of their efforts at mediation. We note that the parties were to report to the Court the identity of their agreed-upon mediator by October 31st, but the Court has yet to receive this information from the parties.

Done at Berlin, Vermont this 2nd day of November, 2006.

_____
Thomas S. Durkin, Environmental Judge